<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S.Y., <br><br> Plaintiff, <br><br> v. <br><br> SALESIANS OF DON BOSCO, *et al.*, <br><br> Defendants. | No. 20cv2605 (EP) (CLW) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

In this negligence action, Plaintiff S.Y. alleges that between 1973 and 1975, non-party Father Sean Rooney, a former priest within Defendant Salesians of Don Bosco ("Defendant" or "Salesians") and teacher at Defendant Don Bosco Technical High School[1] ("Don Bosco") in Paterson, New Jersey, sexually abused Plaintiff in Don Bosco's locker room showers and clergy living quarters over 100 times. D.E. 1-1 ("Complaint" or "Compl."). Plaintiff alleges that the abuse was caused by the negligence of Defendant in hiring, retaining, and supervising Father Rooney. *Id.* A jury trial is scheduled to begin on April 7, 2025.[2]

Before the Court are the parties' omnibus motions in limine. D.E. 90-1 ("Def. Mot."); D.E. 91 ("Pl. Mot.").[3] The Court has considered the motions along with the opposition papers, D.E. 98 ("Pl. Opp'n"); D.E. 99 ("Def. Opp'n"), reply papers, D.E. 102 ("Def. Reply"); D.E. 101 ("Pl.

---

[1] Don Bosco has not appeared in this case and Plaintiff has not prosecuted his case against Don Bosco. It appears that Don Bosco closed in 2002 and is no longer an entity in existence. D.E. 1, Notice of Removal, ¶ 8.

[2] The Court previously denied Defendant's motion for summary judgment. D.E. 76 ("Summary Judgment Opinion").

[3] Because the Court writes only for the parties, it will assume familiarity with the facts of this case. For a complete factual and procedural history, see the Court's opinion granting in part and denying in part Defendant's motion for summary judgment. Summary Judgment Opinion.

Reply"), and all other relevant items on the docket. Having determined that oral argument is unnecessary, the Court decides the motions on the papers. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1. For the reasons that follow, both motions will be **GRANTED in part** and **DENIED in part**.

I.  **DEFENDANT'S MOTION IN LIMINE**

 A.  **Evidence of Other Acts of Sexual Abuse or Attempted Sexual Abuse by Father Rooney is Admissible for Non-Propensity Purposes**

Defendant objects to anticipated testimony by former students S.B. and Kevin Burns, Father Rooney, and Father William Keane that detail other instances of sexual abuse that Father Rooney perpetuated on other students. Def. Mot. at 4-8. Defendant argues that this testimony constitutes impermissible character and propensity evidence under Rule 404. As explained below. the Court finds that S.B., Kevin Burns, and Father Rooney's proposed testimony is admissible under Rule 404(b) for the limited purpose of proving a non-propensity purpose at issue in the case such as opportunity, plan, or *modus operandi*. The Court will reserve its ruling on Father Keane's proposed testimony until trial, with the exception of the testimony on remedial measures taken by Defendant in response to Father Rooney's alleged abuse, which the Court will exclude under Rule 407.

 1.  *The proposed testimony from S.B., Burns, and Father Rooney is admissible under Rule 404(b)*

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b) evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

2

The Third Circuit has set forth four requirements that must be met before Rule 404(b) evidence may be introduced at trial:

> (1) it must be offered for a proper non-propensity purpose that is at issue in the case; (2) it must be relevant to that purpose; (3) its probative value must not be outweighed by the danger of unfair prejudice under Rule 403; and (4) it must be accompanied by a limiting instruction, if one is requested.

*United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citing *United States v. Caldwell*, 760 F.3d 267, 277 (3d Cir. 2014)).

Plaintiff argues that he intends to introduce the disputed evidence from S.B., Burns, and Father Rooney for a relevant non-propensity purpose and that the evidence is admissible under Rule 403. Pl. Opp'n at 6-12. The Court agrees.

Defendant specifically disputes facts that go to Father Rooney's opportunity, plan, and *modus operandi*, putting them squarely at issue in this case. Specifically, Defendant disputes that: (a) Father Rooney repeatedly violated Defendant's policy of not being one-on-one with a child; (b) Father Rooney frequently went into the showers while the students were showering; (c) Father Rooney frequently requested that students shower after performing cleaning duties; and (d) Father Rooney frequently took showers with minor students in the shower area of the school. D.E. 87 ("Final Pretrial Order") at 7.

The proposed testimony of S.B., Burns, and Father Rooney that Defendant seeks to preclude is relevant to prove these facts as the testimony shows the similarity of Father Rooney's abuse across his victims, going to his opportunity, plan, and *modus operandi*. S.B., Burns, and Father Rooney's testimony can be used to persuade a jury as to Father Rooney's opportunity, plan, and *modus operandi* due to the similarities amongst the other abuse they will testify to and Plaintiff's alleged abuse. Specifically, S.B. will testify that, like Plaintiff, he was on the student cleaning crew and that Father Rooney sexually abused him in the showers. Def. Mot. at 4. Burns

will testify that, like Plaintiff, he was also on the cleaning crew and Father Rooney insisted that Burns take a shower after the cleaning. *Id.* at 5. Father Rooney will testify that he took showers with students, just like Plaintiff alleges Father Rooney did with him. *Id.*

Defendant argues that the proposed testimony from S.B., Burns, and Father Rooney is not relevant because it does not prove that Defendant knew about Father Rooney's abuse. Def. Mot. at 7-8. However, even assuming that Defendant's knowledge was the only relevant issue (it is not, *see supra*), Father Rooney's alleged *modus operandi* of taking students into the locker room showers coupled with the record evidence that "Plaintiff and Rooney were seen in the locked locker room showers by a priest or brother," Summary Judgment Opinion at 19, can be used by a reasonable factfinder to find that Defendant knew or should have known that Father Rooney was sexually abusing Plaintiff.

Furthermore, the proposed testimony from S.B., Burns, and Father Rooney is admissible under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[W]hen evidence is highly probative, even a large risk of unfair prejudice may be tolerable." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002). Defendant, in passing, argues that the danger of unfair prejudice substantially outweighs the probative value of this testimony. Def. Mot. at 4. However, as explained above, the proposed testimony from S.B., Burns, and Father Rooney is highly relevant to prove contested facts about Father Rooney's plan and *modus operandi* as well as facts bearing on whether Defendant knew or should have known of Father Rooney's abuse of Plaintiff. While details of other sexual assaults are prejudicial, this

4

case is all about sexual assault and the prejudice suffered from the admission of the testimony in question does not substantially outweigh the highly probative value of the testimony.

> 2. *The Court will reserve its decision on the proposed testimony from Father Keane except will exclude testimony regarding remedial measures taken by Defendant in response to Father Rooney's alleged abuse*

Plaintiff asserts that Father Keane will testify that (1) he was told by two other Salesian priests that Rooney molested a student (not Plaintiff); (2) Rooney was not removed from ministry by Defendant until 2002; and (3) actions taken by Defendant in response to the abuse allegations against Rooney, including the 2005 "Wellness Plan." Pl. Opp'n at 17. Defendant argues that Keane's proposed testimony is not permissible under Rule 404(b) and that the Rule 415 exception does not apply because Rooney is not a "party" within the meaning of Rule 415. Def. Mot. 7-10. Defendant also separately argue that testimony about Defendant's response to allegations of abuse by Rooney, including the 2005 "Wellness Plan," is inadmissible under Rule 407 as a subsequent remedial measure. Def. Mot. at 11-14.

As discussed *infra*, the Court will not admit Father Rooney's 2005 "Wellness Plan" under Rule 407 and testimony relaying its contents is similarly inadmissible. However, the Court will reserve its decision as to Father Rooney's remaining proposed testimony until it has an opportunity to further explore the basis for admission or exclusion with the parties.

Therefore, the Court will **PERMIT** the proposed testimony of S.B., Burns, and Father Rooney addressed in Section I of Defendant's motion but will reserve its decision on the proposed testimony of Father Keane addressed in Section I of Defendant's motion, with the exception of Father Keane's proposed testimony regarding remedial measures taken by Defendant in response

5

to Father Rooney's alleged abuse, which the Court will **EXCLUDE** pursuant to Rule 407.[4] *See infra*. The parties will be required to submit a joint proposed limiting instruction for the Court to read to the jury before the testimony at issue here is introduced into the trial record in order to clarify the proper limited purpose of this testimony.

> **B.  Proposed Testimony Regarding Steps Taken In Response to Allegations of Father Rooney's Abuse Are Inadmissible Under Rule 407**

Defendant argues that the proposed testimony from Father Keane regarding subsequent measures taken by Defendant in response to Father Rooney's alleged abuse, including that Defendant did not remove Father Rooney from the ministry until 2002 and information regarding the "Wellness Plan" that Defendant issued to Father Rooney, is inadmissible to prove its negligence or culpable conduct under Rule 407. Def. Mot. at 11-14. The Court agrees.

Rule 407 states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove [*inter alia*,], negligence [or] culpable conduct . . . ." This rule rests on the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407 advisory committee's note to 1972 proposed rules.

Plaintiff argues that the steps Defendant took in response to Father Rooney's alleged abuse are not subsequent remedial measures, but instead go to "ongoing failures by the [Defendant] to address known risks and respond appropriately to credible allegations of sexual abuse by a member of its clergy over a period of decades." Pl. Opp'n at 17-19. Plaintiff cites no authority in support of his position and the Court is not persuaded. Plaintiff's argument is, in essence, that Defendant knew something should have been done to stop Father Rooney but waited too long to do so and

---

[4] Because the Court finds that the proposed testimony from S.B., Burns, and Father Rooney is admissible under Rule 404, it need not consider whether the Rule 415 exceptions apply. Def. Mot. at 8-10; Pl. Opp'n at 12-16.

intends to use Defendant's subsequent efforts to solve the problem against it to establish its negligence. This is precisely what Rule 407 prohibits.

Alternatively, Plaintiff argues that he should be allowed to introduce evidence of these subsequent remedial measures because "the court may admit such evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. However, Plaintiff concedes that Defendant "does not dispute that it had the authority to implement a 'wellness plan,' to seek laicization of Father Rooney, or to assign him to roles where he would not have contact with children." Pl. Opp'n at 19 (quoting Def. Mot. at 12). Nevertheless, Plaintiff argues that "Defendant's denial that abuse occurred in this case is, in effect, a claim that it was not feasible to take precautionary measures regarding Father Rooney simply because there was no perceived need for the [Defendant] to do so." *Id.* at 20. This is a step too far. If disputing the underlying conduct giving rise to a negligence claim necessarily disputes the feasibility of precautionary measures, Rule 407's exception would swallow the exclusionary rule. It is clear that Defendant does not dispute the feasibility of the subsequent remedial measures it seeks to preclude and so Rule 407's exception does not apply. Therefore, the Court will **EXCLUDE** the proposed testimony from Father Keane regarding measures taken by Defendant in response to Father Rooney's alleged abuse, including that Defendant did not remove Father Rooney from the ministry until 2002 and information regarding the "Wellness Plan" that Defendant issued to Father Rooney.

> **C.    The Court Refers to Its Prior Ruling Which Already Bars Plaintiff's Liability Expert, Sherryll Kraizer, from Offering Testimony that Consists of Legal Conclusions or Narrates Plaintiff's Testimony**

When Defendant moved for summary judgment, it also moved to exclude the testimony of Plaintiff's liability expert, Sherryll Kraizer. Summary Judgment Opinion at 3-4. The Court excluded the portions of Dr. Kraizer's report and testimony that "consist of legal conclusions or

7

narrate Plaintiff's deposition testimony." *Id.* at 15.[5]  The Court also ordered Plaintiff to file a redacted version of Dr. Kraizer's report, redacting the portions that the Court found to be inadmissible. D.E. 77 at 1.

Although the parties agree that Dr. Kraizer's report will not be introduced into evidence, Defendant believes that Plaintiff's redactions did not encompass the full scope of the Court's Summary Judgment Opinion and is therefore concerned that Plaintiff intends to introduce testimony from Dr. Kraizer in violation of the Court's ruling. Def. Mot. at 15-16.

The Court declines to opine on the adequacy of redactions of an expert report that neither party seeks to introduce into evidence and declines to revisit its prior ruling on this issue. Plaintiff, in opposition, comes close to rearguing issues the Court has already decided and the Court cautions Plaintiff in the strongest possible terms that Dr. Kraizer may not narrate any portion of Plaintiff's testimony and may not give any legal conclusions in her testimony, in accordance with the Court's Summary Judgment Opinion.[6]

---

[5] The Court explained, in part, that the portions of Dr. Kraizer's report that cite to Plainitff's deposition impermissibly bolster the credibility of Plaintiff's testimony. Summary Judgment Opinion at 11. Therefore, the prohibition of Dr. Kraizer's testimony that narrates Plaintiff's testimony also necessarily prohibits her from directly opining about the credibility of such testimony.

[6] The Court's Summary Judgment Opinion explains in detail what Dr. Kraizer may and may not testify about. For example, with respect to legal conclusions, the Court explained that "while Kraizer may testify as to 'whether certain acts would in the abstract be improper and/or inconsistent with a party's legal duties[,]' she cannot 'stat[e] that a party did indeed violate an applicable duty through certain actions." Summary Judgment Opinion at 9-10 (quoting *Krys v. Aaron*, 112 F. Supp. 3d 181, 193-95 (D.N.J. 2015)). As to Plaintiff's testimony, the Court "[s]pecifically" explained that the "portions of Kraizer's Report citing to Plaintiff's deposition, as well as those portions stating 'SY testified,' impermissibly bolster Plaintiff's deposition testimony, given that it is exclusively the trier of fact's role to weigh the credibility of the record evidence." *Id.* at 11.

### D. The Court Defers to Its Prior Ruling That Dr. Kraizer's Testimony as to the Catholic Church's Knowledge About the Risk of Child Sexual Abuse is Relevant

Defendant argues that the Court should exclude testimony from Dr. Kraizer that references sexual abuse in the Catholic Church broadly, as opposed to abuse involving Defendant itself. Def. Mot. at 23-29. Defendant suggests that this is a broader argument than it previously made when it sought to disqualify Dr. Kraizer as an expert but does not identify any other proposed inadmissible testimony other than Dr. Kraizer's. Def. Reply at 8-10.[7]

The Court previously held that Dr. Kraizer's "testimony as to the Catholic Church's knowledge about the risk of child sexual abuse by clergy is relevant." Summary Judgment Opinion at 8. The Court explained that Dr. Kraizer's "use of the Catholic Church's 1922 and 1962 Instructions (which discussed child sexual abuse) is appropriate, given that the two documents were addressed to dioceses and religious orders, like the Salesian Society, such that Kraizer's testimony could help the trier of fact in determining the Salesian Society's awareness of the risk of child sexual abuse by clergy." *Id.*

As to the writings of Thomas Doyle[8] that Dr. Kraizer relies upon, the Court previously held that such reliance is permissible because Dr. Kraizer "relies on his presentation of data and his subjective analysis concerning the historical context and relationship that existed between the Catholic Church and dioceses/religious orders during the relevant time period. In that vein,

---

[7] In reply, Defendant argues that the Court should preclude such statements by Plaintiff, Plaintiff's counsel, and unspecified witnesses, but does not identify any proposed testimony Plaintiff intends to offer on this topic. Def. Reply at 8-10. The Court is unable to rule on such abstractions. *See McKenzie v. Dematic Corp.*, No. 12-250, 2016 WL 4082736, at*2 (W.D. Pa. July 29, 2016) ("[C]ourts do not generally exclude evidence in the abstract.") (cleaned up). Should testimony from Plaintiff or his witnesses veer into an area that Defendant believes is irrelevant and is not covered by a prior Court ruling, Defendant is free to object to such testimony at trial. Furthermore, Plaintiff's counsel is not a witness and will not be offering evidence.

[8] A former priest who has previously testified regarding the sexual abuse of children by clergy.

9

Kraizer uses Doyle's writings to assist her in evaluating the risk of child sexual abuse by clergy during the relevant time period." *Id.* at 14. Thus, the proposed testimony of Dr. Kraizer on this subject is relevant for purposes of establishing Dr. Kraizer's expert opinion on the standard of care. It does not appear that such testimony is being introduced for the purpose of establishing Defendant's specific knowledge of the sexual abuse at issue in this case.

However, in order to ameliorate any risk of confusing the issues or misleading the jury, the parties will be required to submit a joint proposed limiting instruction for the Court to read to the jury before Dr. Kraizer's standard of care testimony referencing the Catholic Church is introduced into the trial record in order to clearly identify the limited purpose of the testimony and clarify that references to the Catholic Church in general are not to be taken as references to Defendant itself.

## II.    PLAINTIFF'S MOTION IN LIMINE

### A.    The Court Will Defer Any Necessary Ruling on Available Affirmative Defenses

Plaintiff argues that the Court should preclude Defendant from asserting any affirmative defenses at trial because Defendant has not explained the factual bases for its affirmative defenses and has not supported them with evidence produced in discovery. Pl. Mot. at 1. What Plaintiff asks for here is pre-trial judgment as a matter of law on Defendant's affirmative defenses. The appropriate time to raise this argument was at the summary judgment stage. Outside of summary judgment motions, the Court will not consider such argument pre-trial. The jury will be instructed on any applicable affirmative defenses. As part of trial preparation, the parties have been instructed to meet and confer and submit joint proposed jury instructions. Any hypothetical dispute as to jury charges on affirmative defenses are not yet ripe for consideration. The Court will rule on any disagreement on the appropriate jury instructions at the appropriate time.

### B. The Court Will Defer Any Necessary Ruling on the Admissibility of Testimony or Appropriateness of Argument Relating to Prejudice Suffered From the Passage of Time

Plaintiff argues that the Court should prohibit Defendant from asserting that it has suffered unfair prejudice in its defense due to the passage of time. Pl. Mot. at 2. Plaintiff has not identified any evidence he seeks to preclude and the description of hypothetical argumentation by Plaintiff's counsel in opening and closing statements is too vague and broad for the Court to consider at this point. Therefore, any ruling on this issue is not ripe for the Court's consideration. Plaintiff may object to any testimony or argument at trial on this topic he believes is inadmissible or improper.

### C. During the Cross-Examination of Plaintiff, the Court Will Permit Defendant to Inquire Into Plaintiff's 1982 Conviction and Will Permit the Introduction of Plaintiff's Employment Application

Plaintiff argues that Defendant should not be able to introduce extrinsic evidence of his conviction by a military tribunal from 1982. The Court would agree, however, Defendant concedes that it will not introduce any such extrinsic evidence. Def. Opp'n at 13. Defendant only seeks to inquire into Plaintiff's 1982 conviction and introduce Plaintiff's own employment application to the St. Lucie County Sheriff's Office (the "Employment Application") which purportedly shows him omitting information about such conviction. *Id.* at 13-14. In reply, Plaintiff objects to such evidence. Pl. Reply at 7-8. The Court will **PERMIT** Defendant to inquire into Plaintiff's 1982 conviction and will **PERMIT** Defendant to introduce Plaintiff's Employment Application during Plaintiff's cross-examination pursuant to Fed. R. Evid. 608(b).

Rule 608(b) states:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

11

There is no dispute that Plaintiff's 1982 conviction does not fall within those permitted to be introduced under Rule 609. Even so, the Third Circuit has held that "extrinsic evidence" relates to information "obtained from a witness other than the one whose credibility is under attack" and when evidence is obtained from the witness himself and there is no dispute of the witness's authorship of that information, it is admissible. *Carter v. Hewitt*, 617 F.2d 961, 970 (3d Cir. 1980).

Here, there is no dispute that Plaintiff prepared the Employment Application himself and produced it in discovery. Pl. Mot. at 10. Therefore, his Employment Application is not "extrinsic evidence" and is admissible through cross-examination of Plaintiff under Rule 608(b) as his omission of his 1982 conviction on that application is probative of Plaintiff's character for truthfulness. *See Carter*, 617 F.2d at 970; *Watson v. Connelly*, No. 05-212, 2008 WL 45259, at *2 (W.D. Pa. Jan. 2, 2008) (admitting the plaintiff's job application containing inaccurate information under Rule 608(b)).

Furthermore, the plain text of Rule 608(b) allows Defendant to inquire into Plaintiff's 1982 conviction on cross-examination. Defendant concedes that it does not plan to introduce extrinsic evidence of Plaintiff's 1982 conviction.

The Court further finds that cross-examination into Plaintiff's 1982 conviction and use of Plaintiff's Employment Application on this topic is admissible under Rule 403 as its probative value as to Plaintiff's truthfulness—which is particularly important in a case such as this one where Plaintiff's testimony plays such a crucial role—is not substantially outweighed by any of the enumerated dangers in Rule 403.

The Court will require the parties to submit a joint proposed limiting instruction for the Court to read before cross-examining Plaintiff on this topic to explain that the evidence is only to be considered as to Plaintiff's character for truthfulness.

> **D.       During the Cross-Examination of Plaintiff, the Court Will Permit Defendant to Inquire Into Plaintiff's Military History, Including by Introducing Plaintiff's Employment Application**

In Plaintiff's Employment Application, he represented that he had not served in the military when in fact he had served. Pl. Mot. at 10. Plaintiff admitted that he "lied" on the Employment Application and that the reason he lied was to avoid disclosing his military service and the nature of his discharge from such service. Def. Opp'n at 7. Plaintiff seeks to bar Defendant from introducing evidence related to this lie under Rules 401, 402, 403 and 404(b). Pl. Mot. at 10-12. Defendant counters that this evidence is admissible impeachment evidence under Rules 403, 404(b), and 608. Def. Opp'n at 8-12. The Court agrees with Defendant.

Here, Plaintiff admitted in his deposition to lying about his former military service on the Employment Application in order to avoid disclosing it and the nature of his discharge. *Id.* at 7. This is probative of Plaintiff's character for truthfulness and is admissible for the proper purpose of impeaching Plaintiff's credibility under Rules 404(b) and 608(b).[9] Furthermore, as the Court has already held, Plaintiff's Employment Application is not extrinsic evidence under Rule 608(b) and is therefore admissible. *See Carter*, 617 F.2d at 970; *Watson*, 2008 WL 45259, at *2.

Additionally, the Court finds that cross-examining Plaintiff about omitting his military history on the Employment Application, including by reference to the Employment Application itself, is permissible under Rule 403. Similar to Plaintiff's omission of his 1982 military tribunal conviction, omission of his military service on his Employment Application calls into question

---

[9] As Plaintiff's own testimony contributes to the factual basis of his allegations in this case, evidence relating to his credibility is admissible under Rules 401 and 402 because it has the tendency to make facts of consequence in this case (*i.e.* those facts that Plaintiff testifies to) more or less probable. *See United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000) ("Evidence helpful in evaluating the credibility of a witness is of consequence to the determination of the action."); *Windsor Shirt Co. v. New Jersey Nat. Bank*, 793 F. Supp. 589, 615 n.37 (E.D. Pa. 1992) ("[I]t is clear that Rule 401 and Rule 608(b) may, in fact, be used to admit almost identical information regarding the impeachment of witnesses.").

Plaintiff's credibility as a witness. Indeed, Plaintiff admitted to lying on the Employment Application. Def. Opp'n at 7. Plaintiff's credibility is highly probative here where much of Plaintiff's case relies on his own testimony. Furthermore, while Plaintiff's lies are certainly prejudicial, the risk of unfair prejudice does not substantially outweigh the significant probative value of the evidence.[10] Therefore, the Court will **PERMIT** Defendant to inquire into Plaintiff's military history, including by introducing Plaintiff's Employment Application.

However, to the extent Defendant seeks to introduce internal affairs documents from the St. Lucie County Sheriff's Department not authored by Plaintiff, for the purpose of attacking Plaintiff's character for truthfulness, the Court finds that such evidence is inadmissible extrinsic evidence under Rule 608(b) and will **EXCLUDE** such evidence.

The Court will require the parties to submit a joint proposed limiting instruction for the Court to read before cross-examining Plaintiff on this topic to explain that the evidence is only to be considered as to Plaintiff's character for truthfulness.

### E. During the Cross-Examination of Plaintiff, the Court Will Permit Defendant to Inquire Into Plaintiff's Falsification of a Loan Document

Plaintiff testified that he "fabricated" a document in order to obtain a loan to purchase a motorcycle. Def. Opp'n at 8. In the document, Plaintiff represented that his outstanding loan payments with a local bank were current when in fact they were not. Pl. Mot. at 13. Plaintiff seeks to preclude Defendant from admitting evidence relating to this fabrication under Rules 401-02, 403, and 404. Mot. at 13-15. Defendant argues that it is permitted to cross-examine Plaintiff about

---

[10] In reply, Plaintiff cites *Steele v. Perez*, 827 F.2d 190 (7th Cir. 1987) for the proposition that Defendant should not be allowed to cross-examine Plaintiff's prior false statements merely because Plaintiff is an alleged sexual abuse victim. Pl. Reply at 4-5. Unsurprisingly, *Steele* does not stand for that proposition. *Steele* did not address the permissibility of the cross-examination under the Federal Rules of Evidence. Rather, *Steele* addressed a Confrontation Clause argument under the United States Constitution—not at issue here. Plaintiff cites no authority that suggests that Rule 608 does not apply to sexual abuse victims and the Court is not aware of any.

this prior instance of conduct under Rule 608(b) because it is probative of Plaintiff's character for truthfulness. Def. Opp'n at 8-12. The Court agrees with Defendant.

For substantially the same reasons discussed *supra* with respect to Plaintiff's military tribunal conviction and Plaintiff's military history, the Court finds that Plaintiff's fabrication to obtain a loan is relevant, probative for his character for truthfulness, is admitted for the proper purpose of impeaching Plaintiff's credibility, and that any unfair prejudice does not substantially outweigh the significant probative value such evidence has with respect to Plaintiff's character for truthfulness. *See* Fed. R. Evid. 401-02, 403, 404(b), 608(b). Therefore, the Court will **PERMIT** Defendant to inquire into Plaintiff's falsification of the loan document during his cross-examination.

The Court will require the parties to submit a joint proposed limiting instruction for the Court to read before cross-examining Plaintiff on this topic to explain that the evidence is only to be considered as to Plaintiff's character for truthfulness.

### F. The Parties Agree to Redact Any References to Plaintiff's 1977 DUI Conviction

Plaintiff argues that the Court should exclude evidence of Plaintiff's 1977 DUI Conviction under Rules 401, 403 and 609. Pl. Mot. at 7-9. However, Defendant concedes that it will not introduce any evidence relating to Plaintiff's DUI conviction and will not question Plaintiff about it. Def. Opp'n at 5. Therefore, there is no dispute for the Court to adjudicate.

It appears that the sole reference to the DUI in otherwise admissible evidence is in Plaintiff's Employment Application. The parties agree that such reference shall be redacted. Def. Opp'n at 5-6; Pl. Reply at 9.

### G. The Court Defers Any Necessary Ruling on the Admissibility of Opinion Testimony by Lay Witnesses

Without identifying any specific evidence, Plaintiff seeks to bar "any evidence or argument at trial that requires either expertise or specialized knowledge to explain or justify its actions or omissions regarding liability for the alleged sexual abuse in this action" pursuant to Federal Rules of Evidence 701 and 702. Pl. Mot. at 16. Such a request is too vague and overbroad for the Court's consideration.

As Defendant points out, granting such a request, without reference to any specific evidence, could preclude Defendant from eliciting testimony from witnesses about, *inter alia*, measures taken to prevent child abuse and whether such measures were implemented. Def. Opp'n at 15. It is unclear what evidence specifically Plaintiff wishes to exclude and, indeed, whether Defendant will attempt to introduce such evidence. This is precisely the type of vague and overbroad blanket prohibition that courts do not grant. *See McKenzie*, 2016 WL 4082736, at*2 ("[C]ourts do not generally exclude evidence in the abstract."). Therefore, any ruling on this issue is not ripe for the Court's consideration. Plaintiff may object to any testimony or argument at trial on this topic he believes is inadmissible or improper.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **19th** day of **March**, 2025,

**ORDERED** that Defendant's Motion in Limine, D.E. 90, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's Motion in Limine, D.E. 91, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the proposed testimony of S.B., Burns, and Father Rooney addressed in Section I of Defendant's motion is **PERMITTED**; and it is further

**ORDERED** that within **5 days** the parties shall **SUBMIT** to chambers a joint proposed limiting instruction for the Court to read to the jury before the testimony of S.B., Burns, and Father Rooney addressed in Section I of Defendant's motion is introduced in order to clarify the proper limited purpose of this testimony; and it is further

**ORDERED** that the Court will **EXCLUDE** the proposed testimony from Father Keane regarding remedial measures taken by Defendant in response to Father Rooney's alleged abuse, including that Defendant did not remove Father Rooney from the ministry until 2002 and information regarding the "Wellness Plan" that Defendant issued to Father Rooney; and it is further

**ORDERED** that the Court will reserve its decision as to the remainder of Father Keane's proposed testimony addressed in Section I of Defendant's motion; and it is further

**ORDERED** that the parties are to refer to the Court's Summary Judgment Opinion which held that Dr. Kraizer may not narrate any portion of Plaintiff's testimony and may not give any legal conclusions in her testimony; and it is further

**ORDERED** that the parties are to refer to the Court's Summary Judgment Opinion which held that Dr. Kraizer's testimony as to the Catholic Church's knowledge about the risk of child sexual abuse by clergy is relevant; and it is further

**ORDERED** that within **5 days** the parties shall **SUBMIT** a joint proposed limiting instruction for the Court to read to the jury before Dr. Kraizer's standard of care testimony referencing the Catholic Church is introduced into the trial record in order to clearly identify the limited purpose of the testimony and clarify that references to the Catholic Church in general are not to be taken as references to Defendant itself; and it is further

**ORDERED** that the Court will defer any necessary ruling on available affirmative defenses; and it is further

**ORDERED** that the Court will defer any necessary ruling on the admissibility of testimony or appropriateness of argument relating to prejudice suffered from the passage of time; and it is further

**ORDERED** that, when cross-examining Plaintiff, Defendant is **PERMITTED** to inquire into Plaintiff's 1982 military tribunal conviction for the limited purpose of attacking Plaintiff's character for truthfulness; and it is further

**ORDERED** that, when cross-examining Plaintiff, Defendant is **PERMITTED** to introduce Plaintiff's Employment Application for the limited purpose of attacking Plaintiff's character for truthfulness; and it is further

**ORDERED** that within **5 days** the parties shall **SUBMIT** to chambers a joint proposed limiting instruction for the Court to read before Defendant questions Plaintiff about his 1982 conviction in order to clarify the limited purpose of such evidence; and it is further

**ORDERED** that, when cross-examining Plaintiff, Defendant is **PERMITTED** to inquire into Plaintiff's military history for the limited purpose of attacking Plaintiff's character for truthfulness, including by reference to Plaintiff's Employment Application; and it is further

**ORDERED** that within **5 days** the parties shall **SUBMIT** to chambers a joint proposed limiting instruction for the Court to read before Defendant questions Plaintiff about his military history in order to clarify the limited purpose of such evidence; and it is further

**ORDERED** that internal affairs documents from the St. Lucie County Sheriff's Department, not authored by Plaintiff, offered to attack Plaintiff's character for truthfulness are **EXCLUDED**; and it is further

**ORDERED** that, when cross-examining Plaintiff, Defendant is **PERMITTED** to inquire into Plaintiff's falsification of a loan document for the limited purpose of attacking Plaintiff's character for truthfulness; and it is further

**ORDERED** that within **5 days** the parties shall **SUBMIT** to chambers a joint proposed limiting instruction for the Court to read before Defendant questions Plaintiff about the falsification of the loan document in order to clarify the limited purpose of such evidence; and it is further

**ORDERED** that the parties shall **REDACT** any reference to Plaintiff's 1977 DUI conviction from any trial exhibits; and it is finally

**ORDERED** that the Court will defer any necessary ruling on the admissibility of opinion testimony by lay witnesses.

  /s/ Evelyn Padin
Evelyn Padin, U.S.D.J.